# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RAYMOND AYERS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) No. 2:21-cv-02383-JTF-atc |
| v. | ) |
| | ) |
| CITY OF MEMPHIS, ET AL., | ) |
| | ) |
|    Defendants. | ) |
| | ) |

**ORDER MODIFYING THE DOCKET,
DISMISSING COMPLAINT WITHOUT PREJUDICE (ECF NO. 1),
AND GRANTING LEAVE TO AMEND**

Before the Court for consideration is the *pro se* complaint filed on June 8, 2021 by Plaintiff Raymond Ayers pursuant to 28 U.S.C. § 1983. (ECF No. 1.) Ayers submitted the $402 civil filing fee with his complaint. (ECF No. 6.) When Ayers filed his pleading, he was not confined. (ECF No. 1 at PageID 5.)[1]

## I.  BACKGROUND

Ayers alleges claims against fifteen Defendants for Fourth and Fourteenth Amendment violations. (ECF No. 1 at PageID 3.) At the outset, the Court notes that Ayers's complaint is sparse on factual allegations, making it difficult for the Court to effectively understand what Ayers is asserting. The complaint states that Ayers appeared on June 8, 2020 before a Tennessee state court, during which an arrest affidavit's charges against Ayers were dropped. (*Id.*) Ayers does

---

[1] According to the Tennessee Department of Correction's Felony Offender Information website, Ayers is presently assigned to the Columbia Probation and Parole Office through May 23, 2022. (*See* https://apps.tn.gov/foil/details.jsp.)

not identify the charges against him or describe the events from which the affidavit arose. The complaint vaguely refers to an "Illegal Search Practice or Policy" at "the Facilities." (*Id.*) In support, the complaint refers to "[t]he actions of Defendants detailed above." (*Id.*) However, Ayers does not: describe what the policy or practice was; identify who implemented the policy or practice; explain how the policy or practice relates to Ayers's § 1983 claims in this case; identify "[t]he actions" giving rise to the complaint; specify which particular Defendants took which actions and when; where "the Facilities" are; or how "the Facilities" relate to Ayers's § 1983 claims. (*See id.* at PageID 3-4.) The complaint seems to suggest that unspecified Defendants conducted an unreasonable search of Ayers's person or property. (*See id.*) But the complaint alleges no facts that describe or connect any searches by any Defendants to Plaintiff's "constitutional injuries." (*See id.*)

Ayers sues these Defendants: (1) City of Memphis, Tennessee; (2) Shelby County, Tennessee; (3) City of Memphis Police Department (the "MPD"); (4) Shelby County Sheriff's Department; (5) Memphis Mayor Jim Strickland; (6) MPD Director Cerelyn C.J. Davis; (7) MPD Deputy Director Tiffany Collins; (8) John/Jane Doe Criminal Informant Defendants; (9) Shelby County Mayor Lee Ardrey Harris; (10) Shelby County Sheriff Floyd Bonner; (11) Chief Deputy Scott Wright of the Shelby County Sheriff's Office (the "SCSO"); (12) John Doe I deputy intake/jail processing specialist of SCSO; (13) MPD officer Sergeant Miller, whom Plaintiff refers to as John Doe II; (14) MPD officer B. Byrd, whom Plaintiff refers to as John Doe III; and (15) MPD officer J. Stone, whom Plaintiff refers to as John Doe IV. (*Id.* at PageID 1-2.)

The Clerk shall modify the docket to add these Defendants: (1) City of Memphis Police Department; and (2) Shelby County Sheriff's Department.

## II. <u>LEGAL STANDARD</u>

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

As to step one, in assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. In addition, Federal Rule of Civil Procedure 8 provides guidance on this issue. Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases will accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, p*ro se* litigants

3

are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### III.     REQUIREMENTS TO STATE A CLAIM UNDER 42 U.S.C. § 1983

Ayers sues under 42 U.S.C. § 1983. To state a claim under that statute, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). For his claims to succeed, Ayers must satisfy these requirements.

### IV.     DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Ayers's complaint does not set forth enough information to satisfy Fed. R. Civ. P. 8(a)'s pleading standard.

Ayers has not provided the Court with any context for the "searches" of which he complains. (*See* ECF No. 1 at PageID 3-4.) Ayers's contentions that unspecified Defendants "violated the Fourth and Fourteenth Amendment[s] … [and] w[ere] the direct causal link [for] the constitutional injuries complained of" (*id*. at PageID 3) are mere conclusions of law. The complaint fails to explain why any searches of Ayers were illegal. He does not even describe the searches in the first instance, such as their dates, their participants, or the materials seized.

4

Ayers also has not complied with Rule 8(a)(3), which requires a complaint to contain "a demand for the relief sought." (*See* ECF No. 1 at PageID 4-5 (vaguely seeking "past, present, and future … compensatory damages …, lost earnings …, pain and suffering …, emotional distress …, mental anguish …, public humiliation …, diminished reputation" and "impaired future earning capacity").)

Courts are not "required to create" a *pro se* litigant's claims. *See Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003). But that is effectively what Ayers's complaint asks the Court to do for him. *See*, *e.g.*, *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("declin[ing] to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants"). The complaint's scarcity of factual allegations prevents the Court from engaging in any analyses for screening purposes. Because of the complaint's pleading deficiencies (ECF No. 1), the Court DISMISSES it without prejudice in its entirety.[2]

## V.     AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some

---

[2] To the extent Ayers seeks to represent unnamed "Class members," *see* ECF No. 1 at PageID 3: (a) the complaint offers no basis for certification; (b) the record itself suggests no plausible basis for class certification; (c) and Ayers has not moved for certification of any class. *See* Fed. R. Civ. P. 23(a)-(b).

form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court grants Ayers leave to amend under the strict guidelines that the Court sets forth below.

The Court reminds Ayers that an amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of his claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Ayers must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count.[3]

The Court grants Ayers only one opportunity to amend his claims. If Ayers fails to amend his complaint in a timely manner, the Court will dismiss this case and enter judgment. The Court

---

[3] To the extent Ayers's § 1983 claims arose in Columbia, Tennessee, *see* https://apps.tn.gov/foil/details.jsp (Ayers presently serves parole with the Columbia Probation and Parole Office), venue for Ayers's claims properly resides in the Columbia Division of the United States District Court for the Middle District of Tennessee. *See* 28 U.S.C.A. § 1391(b)(1)–(3); 28 U.S.C. § 123(b)(3).

recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

## VI. CONCLUSION

For the reasons explained above:

(1) The complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim to relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1)-(2); and

(2) Leave to amend is **GRANTED**.  Any amendment must be filed within fourteen (14) days after the date of this order and in accordance with the conditions described *supra*.

**IT IS SO ORDERED** this 16th day of December, 2021.

                                         *s/John T. Fowlkes, Jr.*
                                         JOHN T. FOWLKES, JR.
                                         UNITED STATES DISTRICT JUDGE