IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RAYMOND AYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:21-cv-02383-JTF-atc |
| v. | ) |
| | ) |
| CITY OF MEMPHIS, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO AMEND (ECF NO. 9)**

On June 8, 2021, Plaintiff Raymond Ayers filed a complaint pursuant to 28 U.S.C. § 1983. (ECF No. 1.) Ayers submitted the $402 civil filing fee with his complaint. (ECF No. 6.) When Ayers filed his pleading, he was not confined. (ECF No. 1 at PageID 5.) On December 16, 2021, the Court modified the docket, dismissed the complaint for failure to state a claim to relief, and granted leave to amend within fourteen days. (ECF No. 8.) Ayers's time to amend expired on Thursday, December 30, 2021. (*See id.* at PageID 17.)

On January 3, 2022, Ayers filed a motion to extend his time to amend. (ECF No. 9.) Ayers does not specify the amount of time he seeks. (*Id.*) He contends there is "good cause" for the requested extension of time, but his arguments are difficult to construe. Ayers alleges that "this Court['s] opinion that Plaintiff has fail[ed] to state a claim … is not the opinion of Mr. Justice Kennedy … [or] … Mr. Justice Souter who delivered the opinion of the Court in the Court of Bell Atlantic Corp." (*Id.* at PageID 18.) Ayers further contends that this Court "used the wrong standard of review toward dismiss[ing] Plaintiff['s] cause of action." (*Id.*) Ayers cites no authority

in support of his contention, which flatly contradicts governing precedent. (*See* ECF No. 8 at PageID 13-14 (citing 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Williams v. Curtin*, 631 F.3d 380 (6th Cir. 2011); and *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010)).)

Nevertheless, because Ayers is appearing *pro se* and because his deadline to amend expired the day before the December 31, 2021 federal New Year's holiday, the Court affords him a reasonable extension to amend his claims. Ayers's motion for extension of time to amend (ECF No. 9) is **GRANTED**. Ayers may file an amended complaint **ON OR BEFORE MONDAY, JANUARY 17, 2022** that complies with the guidelines set forth in the Court's December 16, 2021 order. (*See* ECF No. 8 at PageID 15-17.) If Ayers fails to amend his complaint in a timely manner, the Court will dismiss this case and enter judgment. The Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). See Simons v. Washington, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021). The Court notifies Ayers that no further extensions of time to amend will be granted.

**IT IS SO ORDERED** this 7th day of January, 2022.

                                          *s/John T. Fowlkes, Jr.*
                                          JOHN T. FOWLKES, JR.
                                          UNITED STATES DISTRICT JUDGE