# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **RAYMOND AYERS,** | ) |
| Plaintiff, | ) |
| v. | ) No. 2:21-cv-02383-JTF-atc |
| **CITY OF MEMPHIS, TENNESSEE, et al.,** | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS WITHOUT PREJUDICE AND TO ALLOW ADDITIONAL TIME FOR SERVICE OF PROCESS

Before the Court by Order of Reference[1] is the Motion to Dismiss of Defendants Shelby County Mayor Lee Harris; Shelby County Sheriff's Department; John Doe I; Shelby County, Tennessee; Scott Wright; and Floyd Bonner, Jr. ("County Defendants"), filed October 31, 2022. (ECF No. 20.) After *Pro Se* Plaintiff Raymond Ayers failed to timely respond to the Motion, the Court entered an Order to Show Cause and ordered Ayers to respond to the Motion by January 17, 2023. (ECF No. 22.) Ayers failed to meet that deadline. On January 23, 2023, Ayers filed his Response to the Order to Show Cause (ECF No. 23), the Affidavit of Kimberly Ayers (ECF No. 24), and Proofs of Service as to four of the County Defendants (ECF No. 25). Despite Ayers's failure to timely respond to the Motion or the Order to Show Cause, the Court will consider Ayers's January 23rd filings herein.

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

For the following reasons, it is recommended that the Motion be DENIED WITHOUT PREJUDICE and that Ayers be given fourteen days, as a final opportunity, in which to effectuate service of process on the County Defendants.

## PROPOSED FINDINGS OF FACT

Ayers filed his Complaint against the County Defendants and multiple other defendants affiliated with the City of Memphis, Tennessee,[2] on June 8, 2021, alleging claims under 42 U.S.C. § 1983 relating to an alleged arrest affidavit and the subsequent dissolution of the charge. (ECF No. 2, at 3.) Ayers paid the $402 civil filing fee, and blank summonses were provided to him for completion and subsequent issuance by the Clerk's Office. (ECF No. 6.) Ayers's Complaint was initially screened and dismissed under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* ("PLRA") (ECF No. 8, 11), but Ayers's subsequent submissions clarified that he was not a prisoner at the time he filed his Complaint (ECF No. 13). Because Ayers paid the civil filing fee and because he was not a prisoner at the time he filed this case, Ayers's Complaint was not subject to screening under the PLRA, and on January 25, 2022, this case was

---

[2] Ayers sues these Defendants: (1) City of Memphis, Tennessee; (2) Shelby County, Tennessee; (3) City of Memphis Police Department (the "MPD"); (4) Shelby County Sheriff's Department; (5) Memphis Mayor Jim Strickland; (6) MPD Director Cerelyn C.J. Davis; (7) MPD Deputy Director Tiffany Collins; (8) John/Jane Doe Criminal Informant Defendants; (9) Shelby County Mayor Lee Ardrey Harris; (10) Shelby County Sheriff Floyd Bonner; (11) Chief Deputy Scott Wright of the Shelby County Sheriff's Office (the "SCSO"); (12) John Doe I deputy intake/jail processing specialist of SCSO; (13) MPD officer Sergeant Miller (John Doe II); (14) MPD officer B. Byrd (John Doe III); and (15) MPD officer J. Stone (John Doe IV).
  Only the claims against the County Defendants are at issue in this Report and Recommendation. The Court will use "the Sheriff's Office Defendants" when referring only to the Shelby County Sheriff's Department, John Doe I, Wright, and Bonner and "the Government Defendants" when referring only to Harris and Shelby County, Tennessee. Wright and John Doe I are included with the other Sheriff's Office Defendants because Ayers has sued them in their official (and individual) capacities and identified them as employees of the Shelby County Sheriff's Office. (*See* ECF No. 2, at 1.)

2

referred to the undersigned as a non-prisoner *pro se* case pursuant to Administrative Order 2013-05. (*Id.*)

On February 22, 2022, the Court entered an Order to Effectuate Service of Process and to Show Cause. (ECF No. 14.) That Order required Ayers to complete the summonses and return them to the Clerk's Office within thirty days and to effectuate service within sixty days on the County Defendants, by April 25, 2022, or else Ayers's Complaint would be subject to dismissal for failure to effectuate service and for failure to prosecute. (*Id.* at 2.) Despite this warning, Ayers did not return the completed summonses to the Clerk's Office within thirty days; instead, on April 25, 2022—the deadline for him to fully comply with the Order and to complete service on the County Defendants—Ayers returned the completed summonses to the Clerk's Office, which issued them for service. (ECF No. 15.) Ayers then attempted to serve the County Defendants a day after his deadline expired, on April 26, 2022. (ECF Nos. 24, 25.)

But according to the County Defendants' Motion, none of them were served adequately. (ECF No. 20-1, at 2.) Instead, "a staffer in the County Attorney's Office found a stack of papers on the receptionist's desk made up of six copies of Plaintiff's Complaint with summonses directed to the" six County Defendants: "Shelby County Sherriff's Department, Shelby County Mayor Lee Ardrey Harris, John Doe, Shelby County Government, Scott Wright, and [Sherriff] Floyd Bonner, Jr." (*Id.*)

In response, Ayers submitted an affidavit of his process server, Kimberly Ayers, attesting that five of the County Defendants were served on April 26, 2022 "by delivering to and leaving copies of them [sic] with Defendant at 160 N. Main Street." (ECF No. 24, at 2.) The affidavit makes no mention of service on Wright, and at no point does Ayers argue that service has been

3

attempted on Wright.[3]  Ayers also submitted four summonses with proofs of service executed by Kimberly Ayers.  All four indicate the identified Defendant's address as 160 N. Main St. #660, Memphis, TN 38103.  (ECF Nos. 25, 25-1, 25-2, 25-3.)  The first three—issued for service on the Shelby County Sheriff's Department, Bonner, and the Shelby County Government—include Proof of Service forms indicating that service was made at 160 N. Main St., Suite 900, Memphis, TN 38103.[4]  (ECF Nos. 25, 25-1, 25-2.)  The fourth—issued for service on John Doe—provides no indication of the method or location of service.  (ECF No. 25-3.)

Ayers does not contest the County Defendants' statement regarding the "stack of papers" found on the receptionist's desk at the County Attorney's Office.  (ECF No. 23, at 2.)  Though he asserts that "a person cannot just walk into area where sure documents are accepted without being met by a person and that is going ask how I can help you or what do you need" (*id.* at 3), he offers no indication that such interaction actually occurred.  Neither Ayers nor Kimberly Ayers states who Kimberly Ayers left the documents with or whether she verified that the person served with the documents was authorized to accept service on behalf of all (or any) of the County Defendants.  Additionally, Ayers does not contest the County Defendants' averments that the Sheriff's Office Defendants cannot be served through the County Attorney's Office and must be served at their office at 201 Poplar Avenue in Memphis.[5]  Instead, Ayers avers that any issues with service were the result of the County Defendants' negligence and that Defendants

---

[3] Ayers identifies Wright as Chief Deputy of the Shelby County Sheriff's Department.  (ECF No. 2, at 1.)

[4] The County Defendants acknowledge that this location is the correct address for the County Attorney's Office.  (ECF No. 20-1, at 6.)

[5] The Court takes judicial notice that the Sheriff's Office's website reflects 201 Poplar Avenue, Suite 902, as its physical address.  *See* Shelby County Sheriff, https://www.shelbycountytn.gov/83/Shelby-County-Sheriff (last visited Aug. 10, 2023).

could "be simply trying to cover up the ideal that someone did not follow protocol." (ECF No. 23, at 3.) He also argues that Defendants were not prejudiced by being served via the County Attorney's Office. (*Id.* at 2.)

## PROPOSED CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

A trial court, upon motion, may dismiss a complaint for failure to make proper service of process. Fed. R. Civ. P. 12(b)(5). "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)); *see also Collins v. Waste Mgmt.*, No. 2:17-cv-2704-SHL-dkv, 2017 WL 6947871, at *2 (W.D. Tenn. Dec. 22, 2017), *report and recommendation adopted*, 2018 WL 445125 (W.D. Tenn. Jan. 14, 2018) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." (quoting *Omni Cap., Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987))). "And in the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *King*, 694 F.3d at 655 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)); *see also Collins*, 2017 WL 6947871, at *2 ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003))).

A plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban Cnty Govt.*, 18 F. App'x 285, 287 (6th Cir. 2001). In addition, "[b]ecause the pleadings themselves will typically shed no light on service issues, motions to dismiss need not be treated as motions for summary judgment even if they are supported by affidavits or other evidence outside the pleadings." *Boulger v. Woods*, 306 F. Supp. 3d 985, 993 (S.D. Ohio 2018), *aff'd*, 917 F.3d 471 (6th Cir. 2019) (citing *Sawyer*, 18 F. App'x at 287).

Rule 4(j)(2), which governs service on state or local governments, provides:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). Tennessee Rule of Civil Procedure 4.04(7) provides service can be made "[u]pon a county, by delivering a copy of the summons and of the complaint to the chief executive officer of the county, or if absent from the county, to the county attorney if there is one designated; if not, by delivering the copies to the county court clerk." With respect to a sheriff's office, Tennessee Rule of Civil Procedure 4.04(9) provides service can be made "[u]pon any other governmental or any quasi-government entity, by delivering a copy of the summons and of the complaint to any officer or managing agent thereof." "Both federal law and Tennessee law require a copy of the complaint to be served along with the summons." *Bonds v. City of Ripley Police Dep't*, No. 2:18-cv-2362-MSN-dkv, 2019 WL 5095796, at *3 (W.D. Tenn. Mar. 25, 2019), *report and recommendation adopted as modified*, 2019 WL 4750596 (W.D. Tenn. Sept. 30, 2019) (citing Fed. R. Civ. P. 4(c)(1); Tenn. R. Civ. P. 4.04(3), (10)).

The County Defendants assert that Ayers has failed to properly serve them with copies of the summonses and the Complaint consistent with Federal Rule of Civil Procedure 4. (ECF No. 20-1.) Specifically, they argue that the Sheriff's Office Defendants cannot be served through the County Attorney's Office and that the Government Defendants did not receive adequate service through the County Attorney's Office. They assert that Ayers's failure to properly effectuate service of process on them, despite the Court giving him multiple opportunities to do so, warrants dismissal.

With respect to the four Sheriff's Office Defendants, Ayers attempted to achieve service via an incorrect address and an incorrect entity. Tennessee law requires that sheriff's offices must be served by delivering the summons and complaint "to any officer or managing agent thereof," and Ayers does not contest that the Sheriff's Office Defendants have not designated the County Attorney's Office as their agent. As indicated by the County Defendants, service on the Sheriff's Office Defendants should be made upon designated agents at Bonner's offices in the Walter L. Bailey, Jr. Criminal Justice Center at 201 Poplar Avenue, Memphis, Tennessee. (*See* ECF No. 20-1, at 5.) Ayers's attempt to serve the Sheriff's Office Defendants via the County Attorney's Office was inadequate.

And with respect to the two Government Defendants, Ayers has failed to satisfy his burden to show that he perfected service on them. The Government Defendants assert that they may be served via the County Attorney's Office. (ECF No. 20-1, at 6.) Though Ayers's process server attests that she delivered the summonses and complaints to the County Attorney's Office, she failed to indicate the name of the person purportedly accepting service on behalf of the

7

County Defendants, which the County Defendants argue she was required to do.[6] Ayers vaguely implies that the documents were, in fact, left with a County Attorney employee by suggesting that his process server could not have accessed the office unless an employee had let her in (ECF No. 23, at 2–3), but that vague implication is insufficient to demonstrate proper service.

Though not cited by any party, Tennessee Rule of Civil Procedure 4.03(1) requires that "[t]he person serving the summons shall . . . identify the person served and shall describe the manner of service." "Rule 4.03 clearly and specifically requires that a return identify the person upon whom process was served and a description of the manner of service. It requires, in clear, plain words, that certain things be done." *Estate of McFerren v. Infinity Transp., LLC*, 197 S.W.3d 743, 748 (Tenn. 2006) (holding that "fail[ure] to identify the person upon whom process was served or to describe the manner of service" rendered the attempted service invalid); *see also Lasher v. Robertson*, No. 03A01-9402-CV-00075, 1994 WL 579972, at *3 (Tenn. Ct. App. Oct. 24, 1994) (finding that service of process was deficient when, *inter alia*, the process server "did not identify the person served nor describe the manner of service").

Ayers has not complied with this rule. With respect to Harris, Ayers did not file a Proof of Service or otherwise address service on Harris in any way, and thus he has wholly failed to satisfy his burden of demonstrating proper service on Harris. With respect to Shelby County, Ayers's process server checked the box on the Proof of Service form for service on an individual, instead of the box for service on an organization, and thus the form does not provide the identity of the person actually served. (ECF No. 25-2, at 2.) As such, Ayers has failed to

---

[6] In support of their argument that this identification is required, the County Defendants rely on the Proof of Service forms as establishing "that it is the obligation of the person attempting service to engage in an interaction during which the person attempting service obtains the name of the person receiving service on behalf of another or on behalf of an organization." (ECF No. 20-1, at 6.)

provide any indication of "the person served" and "the manner of service" as required by Tennessee Rule of Civil Procedure 4.03(1).  Moreover, that failure means that Ayers is unable to demonstrate the service complied with Tennessee Rule of Civil Procedure 4.04(7).  Ayers has not met his burden of showing adequate service, and he has not provided any cause, much less good cause, for his service failures.

Nevertheless, the Court has the discretion to extend the time for service in the absence of good cause.  *See Bonds*, 2019 WL 4750596, at *3 (collecting cases).  In *Bonds*, after the Court recommended granting a motion to dismiss the case without prejudice for insufficient service, the plaintiff filed a response asking "that the Court deny dismissal of his case and allow him additional time to make service on all Defendants."  *Id.* at *3.  In arriving at its decision to grant additional time, the Court considered the following five factors:

> (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent "prejudice" in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiffs, i.e., cause the plaintiffs' suit to be time-barred by the statute of limitations; and (5) whether the plaintiffs have made diligent, good faith efforts to effect proper service of process.

*Id.* at *4 (quoting *Taylor v. Stanley Works*, No. 4:01-CV-120, 2002 WL 32058966, at *7 (E.D. Tenn. July 16, 2002)); *see also Hardin v. City of Memphis Div. of Fire Servs.*, No. 2:19-cv-02556-SHL-atc, 2021 WL 4237139, at *3 (W.D. Tenn. Aug. 23, 2021), *report and recommendation adopted*, 2021 WL 4236617 (W.D. Tenn. Sep. 16, 2021) (applying the factors in *Bond* to recommend that the plaintiff be given fourteen additional days to serve the defendant, rather than recommending dismissal under Rule 12(b)(5)).

The factors weigh in favor of granting Ayers additional time.  Ayers should need little additional time to serve the County Defendants.  The County Defendants would not suffer

9

prejudice from an extension beyond having to defend the lawsuit, as they have been on notice of the lawsuit since at least October 31, 2022, when counsel appeared on their behalf. (ECF No. 19.) Notably, a dismissal at this point is likely to function as a dismissal with prejudice based on the one-year statute of limitations governing Ayers's claims under § 1983. Finally, though the Court cannot say that Ayers has been diligent, there is no indication that Ayers acted without good faith when attempting to serve the County Defendants; in fact, his efforts provided some notice to them by virtue of their appearance in this case—though it was lacking for purposes of adequate service under Federal Rule of Civil Procedure 4. As such, the factors weigh in favor of giving Ayers one final chance to perfect service on the County Defendants.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the County Defendants' Motion be DENIED WITHOUT PREJUDICE and that Ayers be given an additional fourteen days, as a final opportunity, to effectuate service of process upon them. Service may be accomplished on the Shelby County Sheriff's Office, Bonner, Wright, and John Doe I by hand-delivering a copy of the summonses and complaints to a person authorized to accept service at Bonner's offices in the Walter L. Bailey, Jr. Criminal Justice Center at 201 Poplar Avenue, Memphis, Tennessee. Service may be accomplished on Harris and Shelby County by hand-delivering a copy of the summonses and complaints to a person authorized to accept service at the County Attorney's Office at 160 North Main Street, Suite 900, Memphis, Tennessee. Ayers must also file on the docket an executed Proof of Service for each of these six Defendants.

Respectfully submitted this 10th day of August, 2023.

s/Annie T. Christoff  
ANNIE T. CHRISTOFF  
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.