IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **RAYMOND AYERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-02383-JTF-atc |
| | ) |
| **CITY OF MEMPHIS,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION TO DENY DEFENDANTS' FIRST
MOTION TO DISMISS

Before the Court is Plaintiff Raymond Ayers' *pro-se* complaint against the City of Memphis, Shelby County, Tennessee, Shelby County Sheriff's Department, Memphis City Mayor Jim Strickland, Memphis Police Chief Cerelyn "C.J." Davis, Memphis Police Deputy Director Tiffany Collins, "Criminal Informants John and Jane Doe," Shelby County Mayor Lee Harris, Shelby County Sheriff Floyd Bonner, Jr., Shelby County Chief Deputy Scott Wright, John Doe (Deputy Intake Processing Specialist), Sergeant Miller (John Doe II), Memphis Police Officer B. Byrd (John Doe III), Memphis Police Officer J. Stone (John Doe IV), City of Memphis Police Department, and Shelby County Sheriff's Department, ("the Defendants") filed on June 8, 2021. (ECF No. 1.) When filing the complaint, Ayers paid the $402.00 civil filing fee. (ECF No. 6.) On June 9, 2021, the matter was referred to the Magistrate Judge for management of all pretrial matters pursuant to Local Rule 4.1(b)(1) and Administrative Order 2013-05; and Ayers was directed to

1

present to the Clerk a properly completed summons for each Defendant for which the Clerk would subsequently issue service of process on the Defendants.

On December 16, 2021, the undersigned Court entered an Order directing the Clerk to modify the docket to add these Defendants: (1) City of Memphis Police Department; and (2) the Shelby County Sheriff's Department. However, within the same order, the Court also found that Ayers had failed to allege sufficient facts to sustain a claim under 42 U.S.C. § 1983 to support his allegations that the alleged defendants had conducted an unreasonable search of Ayers' person or property in violation of his Fourth and Fourteenth amendment rights in accordance with Fed. Rule Civ. P. 8(a)(2). (ECF No. 8.) In essence, the Court concluded that Ayers had merely alleged conclusions of law, thereby justifying dismissal of his case without prejudice. (*Id*.) However, the Court allowed Ayers to amend the complaint within fourteen (14) days to allege sufficient facts to support his claims as provided by Fed. Rule Civ. P. 8. (*Id.*)

On January 20, 2022, the undersigned entered an Order Dismissing the Complaint for failure to file an Amended Complaint as directed despite granting Plaintiff an extension until January 17, 2022. (ECF No. 11.) On January 25, 2012, the Order of Dismissal was vacated because Plaintiff had demonstrated that he was not a prisoner when he filed his complaint. Therefore, his case was not subject to screening under the PLRA, or 28 U.S.C. §§ 1915, *et seq*. The matter was appropriately reassigned to the Magistrate Judge as a non-prisoner *pro se* case under Administrative Order 2013-05. (ECF No. 13.) On February 22, 2022, the Magistrate Judge directed Ayers to effect service upon the named defendants within ninety (90) days, or by April 25, 2022. (ECF No. 14.) Otherwise, the Court ordered that Ayers must either submit proof of service on Defendants or show cause why the Defendants should not be dismissed pursuant to Rule 4(m) for failure to effectuate service. (*Id*.). On May 25, 2022, the City filed an Answer to the

Complaint, ECF No. 17, followed by a Motion to Dismiss on October 31, 2022. (ECF No. 20.) On December 20, 2022, the Magistrate Judge issued an Order for Ayers to show cause why the Motion to Dismiss should not be granted for his failure to file a response. (ECF No. 22.) The Magistrate Judge advised that if Ayers failed to respond to the Show Cause Order or to the Motion to Dismiss by January 17, 2023, the motion could be granted and the relevant claims dismissed. (*Id*.) On January 23, 2023, Ayers filed a response to the Order to Show Cause in which he tried to explain his efforts to effect service of process upon the Defendants. Included was a copy of his effected service of process upon the Shelby County Sheriff's Office on April 26, 2022. (ECF No. 23 and ECF No. 25.) Upon review, the Magistrate Judge issued a Report and Recommendation on August 10, 2023, recommending that the Court allow Ayers one final opportunity, or an additional fourteen (14) days, to properly effect service upon the "County Defendants," (the Shelby County Sheriff's Office, Sheriff Floyd Bonner, Shelby County Chief Deputy Wright, and John Doe I). (ECF No. 26.) To date, no objections to the Magistrate Judge's Report and Recommendation have been filed by either party. Further, on August 21, 2023, Ayers filed proof of service upon Sheriff Bonner and on August 28, 2023, proof of service regarding the remaining County Defendants. (ECF No. 27 and ECF Nos. 29-33.)

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who

disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

Given the procedural history of this case, the Court agrees with the Magistrate Judge's recommendation that Ayers should have been given additional time to effect service of process upon the County Defendants, which he ultimately did. As such, the Court **ADOPTS** the Report & Recommendation to Deny the Defendants' initial Motion to Dismiss, ECF No. 20, for failure to timely effect service of process and further finds said motion is Moot based on the Plaintiff's subsequent compliance with effecting service as directed. The Court is also mindful of the Defendants' renewed Motion to Dismiss and Supporting Memorandum filed on September 13, 2023, ECF No. 35 and ECF No. 36, and will issue a ruling in turn pursuant to recommendation by the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A).

## CONCLUSION

In the absence of any party objections and having satisfied itself that there is no clear error on the face of the record, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, ECF No. 26, to deny the Defendants' Motion to Dismiss pursuant to Rule 12 (b)(5), ECF No. 20, filed on October 31, 2022.

**IT IS SO ORDERED** this 29th day of September, 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
