IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RAYMOND AYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 2:21-cv-02383-JTF-atc |
| | ) |
| CITY OF MEMPHIS, TENNESSEE, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Before the Court by Order of Reference[1] is the Motion to Dismiss of Defendants Shelby County Mayor Lee Harris; Shelby County Sheriff's Department; John Doe I; Shelby County, Tennessee; Scott Wright; and Floyd Bonner, Jr. ("County Defendants"), filed September 13, 2023. (ECF No. 35, 36.) After *Pro se* Plaintiff Raymond Ayers failed to respond to the Motion, the Court entered an Order to Show Cause directed at the County Defendants on November 20, 2023, requiring them to clarify when and how Ayers was served with the Motion and ordering them to file an updated Certificate of Service. (ECF No. 38.) The next day, the County Defendants complied with the Order to Show Cause and filed an updated Certificate of Service stating that Ayers had been served with the Motion via U.S. Mail on September 13, 2023. (ECF No. 39.) After Ayers continued to fail to respond to the Motion to Dismiss, the Court entered an

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

Order to Show Cause on January 4, 2024, requiring Ayers to respond to the Motion by January 25, 2024. (ECF No. 40.)

On January 25, 2024, Ayers filed his response to the Motion, which consisted primarily of his request to amend his Complaint but did not include a proposed Amended Complaint or otherwise specify the amendments he sought to make. (ECF No. 42.) The Court construed his response as a motion to amend ("Motion to Amend"), ordered Ayers to file a proposed Amended Complaint by March 8, 2024, and ordered the County Defendants to respond to the Motion to Amend within fourteen days thereafter. (ECF No. 42.) Ayers belatedly filed his proposed Amended Complaint on March 13, 2024. (ECF No. 43.) When the County Defendants failed to respond to Ayer's Motion to Amend or the proposed Amended Complaint, the Court entered another Order to Show Cause requiring them to respond by April 12, 2024. (ECF No. 44.) The County Defendants responded to Ayer's Motion to Amend on April 1, 2024. (ECF No. 45.) Without leave of Court, Ayers filed what amounts to a Reply in support of his Motion to Amend on June 25, 2024.[2] (ECF No. 51.) To date, no response to Ayer's Motion to Amend has been filed by any of the Defendants affiliated with the City of Memphis.[3]

---

[2] Ayers did not seek leave of Court to file his Reply in support of the Motion to Amend. Under Local Rule 7.2(c), any filing after a response may only be filed with leave of Court, except in certain circumstances not applicable here. The Court will consider Ayers's unapproved filing for purposes of the recommendations discussed herein, but he is cautioned that further filing of documents beyond what is permitted by the Local Rules may result in the Court disregarding such documents.

In his Reply, Ayers simply states that his claims against the County Defendants should not be dismissed and that Tenn. Code. Ann. § 20-12-119 provides him some remedy against the County Defendants. (ECF No. 45, at 2.) However, that section of the Tennessee Code merely discusses the apportionment of fees and court costs after a state court civil trial and thus has no applicability here.

[3] In his original Complaint, Ayers named the following Defendants: (1) City of Memphis, Tennessee; (2) Shelby County, Tennessee; (3) City of Memphis Police Department (the "MPD"); (4) Shelby County Sheriff's Department (the "SCSD"); (5) Memphis Mayor Jim Strickland;

For the following reasons, it is recommended that the County Defendants' Motion to Dismiss be granted and that the Motion to Amend be granted in part and denied in part.

## **PROPOSED FINDINGS OF FACT**

Ayers filed his original Complaint against the County Defendants and multiple other defendants affiliated with the City of Memphis on June 8, 2021, alleging claims under 42 U.S.C. § 1983 relating to an alleged arrest affidavit and the subsequent dissolution of the charge. (ECF No. 2, at 3.) When he filed his original Complaint, Ayers paid the $402 civil filing fee, and blank summonses were provided to him for completion and subsequent issuance by the Clerk's Office. (ECF No. 6.) Ayers's Complaint was initially screened and dismissed under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. ("PLRA") (ECF No. 8, 11), but Ayers's subsequent submissions clarified that he was not a prisoner at the time he filed his Complaint (ECF No. 13). Because Ayers paid the civil filing fee and because he was not a prisoner at the time he filed this case, Ayers's Complaint was not subject to screening under the PLRA, and on January 25, 2022, this case was referred to the undersigned as a non-prisoner *pro se* case pursuant to Administrative Order 2013-05. (*Id.*)

---

(6) MPD Director Cerelyn C.J. Davis; (7) MPD Deputy Director Tiffany Collins; (8) John/Jane Doe Criminal Informant Defendants; (9) Shelby County Mayor Lee Ardrey Harris; (10) Shelby County Sheriff Floyd Bonner; (11) SCSD Chief Deputy Scott Wright; (12) John Doe I SCSD deputy intake/jail processing specialist; (13) MPD officer Sergeant Miller (John Doe II); (14) MPD officer B. Byrd (John Doe III); and (15) MPD officer J. Stone (John Doe IV). (ECF No. 2.) However, in his proposed Amended Complaint, Ayers names only (1) City of Memphis; (2) Shelby County; (3) the MPD; (4) Mayor Strickland; (5) Director Davis; (6) new Defendant Sergeant B. Byrd of the MPD; and (7) new Defendant Sergeant J. Battle of the MPD. (ECF No. 43.)

Only the claims against the County Defendants are at issue in this Report and Recommendation. The claims against the City of Memphis, the MPD, Mayor Strickland, Director Davis, Sergeant Byrd, and Sergeant Battle are not impacted herein.

After Ayers failed to obtain adequate service on the County Defendants, this Court entered its August 10, 2023 Report and Recommendation ("R&R"), recommending that Ayers be given a final opportunity to effectuate service on the County Defendants. (ECF No. 26.) The R&R was adopted by District Judge John. T. Fowlkes, Jr. (ECF No. 37), and thereafter Ayers obtained service on the County Defendants. (ECF Nos. 29–33.) The County Defendants subsequently filed the instant Motion to Dismiss (ECF No. 35, 36), and in response, Ayers filed his Motion to Amend (ECF No. 41) and proposed Amended Complaint (ECF No. 43).

In his proposed Amended Complaint, Ayers alleges some additional details concerning the purported arrest that gave rise to his § 1983 claims. (ECF No. 43.) Specifically, Ayers contends that he "endured [an] over three-year nightmare when he was wrongfully arrested for the purported murder of a Shelby County resident, that continued through trials for crimes that he did not commit, and that ended with Plaintiff['s] charges being dismissed by two different Judges." (*Id.* ¶ 1.) He further alleges that, "[d]uring this saga, Plaintiff was held in the Shelby County Jail, unable to make a living and essentially helpless to care for his family's emotional and financial needs." (*Id.* ¶ 2.) Ayers also contends that the investigation and prosecution of his alleged wrongful arrest "were all undertaken pursuant to the policies and widespread practices of the Memphis Police Department and Shelby County Government." (*Id.* ¶ 11.) Other than the single reference to the Shelby County Jail and the single reference to the policies and practices of Shelby County Government, Ayers does not allege any specific wrongdoing, involvement, or actions or by the County Defendants in either his original Complaint or proposed Amended Complaint.[4] (*See generally* ECF Nos. 2, 43.) All other factual allegations in the original

---

[4] For the purposes of this Report and Recommendation, the Court construes Ayer's complaints together. Typically, "when plaintiff files [an] amended complaint, [the] new complaint

4

Complaint and proposed Amended Complaint are directed at the purported actions of the Defendants affiliated with the City of Memphis and/or MPD. (*Id.*)

## PROPOSED CONCLUSIONS OF LAW

**I.  Motion to Amend the Complaint**

Ayers seeks leave to file his proposed Amended Complaint (ECF No. 43), and the County Defendants oppose his Motion on the ground that amendment would be futile based on their Rule 12(b)(6) arguments set forth in their Motion to Dismiss (ECF No 45, at 2). "[M]otions for leave to amend are reviewed under the deferential standard of Federal Rule of Civil Procedure 15, and the Court 'should freely give leave when justice so requires.'" *Porter v. AAR Aircraft Servs., Inc.*, 316 F.R.D. 691, 692 (W.D. Tenn. 2016) (quoting Fed. R. Civ. P. 15(a)(2)). An exception to this forgiving standard is when a proposed amendment is futile. *Id.* (citing *Pedreira v. Ky. Baptist Homes for Child., Inc.*, 579 F.3d 722, 729 (6th Cir. 2009)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Berry v. Regions Fin. Corp.*, 507 F.

---

supersedes all previous complaints and controls [the] case from that point forward." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). Nevertheless, in this case, given Ayers's *pro se* status, the Court construes his proposed Amended Complaint together with the original Complaint. *See Minner v. Shelby Cnty. Gov't*, No. 2:17-cv-2714-JPM-cgc, 2018 WL 4762136, at *4 (W.D. Tenn. Oct. 2, 2018) (citing *Taylor-Merideth v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:16-cv-00612, 2017 WL 1164583, at *1 (M.D. Tenn. Mar. 28, 2017), for the proposition that "[i]t is apparent to the Court that [Plaintiff] likely did not understand that her Amended Complaint would supersede the original Complaint, and that therefore she needed to re-allege the facts entitling her relief. . . . In light of the lenient standards afforded to *pro se* litigants at the pleading stage, the Court will construe the Complaints together rather than require additional amendment."); *Leggett v. W. Express Inc.*, No. 3:19-cv-00110, 2020 WL 1161974, at *1 n.1 (M.D. Tenn. Jan. 6, 2020), *report and recommendation adopted sub nom. Leggett v. W. Express Inc*, No. 3:19-cv-00110, 2020 WL 1158140 (M.D. Tenn. Mar. 10, 2020) (citations omitted) (same).

Supp. 3d 972, 977 (W.D. Tenn. 2020), *appeal dismissed*, No. 21-5038, 2021 WL 1511687 (6th Cir. Jan. 29, 2021) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)); *see also Avery Outdoors, LLC v. Peak Rock Cap., LLC*, No. 16-cv-2229-SHL-tmp, 2017 WL 5186246, at *3 (W.D. Tenn. Jan. 23, 2017) (setting forth and considering the Rule 12(b)(6) standard of review when granting in part and denying in part a motion to amend the complaint). That analysis is set forth in the next section.

II.     **Motion to Dismiss for Failure to State a Claim**

The County Defendants move for dismissal of Ayers's claims under Rule 12(b)(6) for failure to state a claim. (ECF No. 36.) To determine whether an individual has stated a claim for which relief may be granted, the Court applies the standards under Rule 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket

assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs.*, L.P., No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

In his original Complaint and proposed Amended Complaint, Ayers brings claims for violations of his constitutional rights under § 1983. To bring a § 1983 claim, Ayers must identify (1) "a right secured by the United States Constitution" and (2) "the deprivation of that right by a person acting under color of state law." *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 482 (6th Cir. 2020) (quoting *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001)).

As an initial matter, though Ayers named Mayor Harris, the SCSD, John Doe I of the SCSD, SCSD Deputy Wright, and Sheriff Bonner as Defendants in his original Complaint, he does not name them as Defendants in his proposed Amended Complaint. (*See generally* ECF Nos. 2, 43.) Furthermore, other than naming them as Defendants, he does not allege any specific wrongdoing, involvement, or actions by any of these Defendants at all in either his original Complaint or Amended Complaint. (*Id.*) As a result, to the extent that these Defendants remain in the case after Ayers dropped them from his proposed Amended Complaint, these Defendants should be dismissed. *See Lanham v. Hinson*, 529 F. 3d 673, 684 (6th Cir. 2008) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." (citing *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002))).

That leaves only Shelby County Government among the County Defendants.[5] As to the first prong of his § 1983 claims, the Court construes Ayers's claims as arising from the

---

[5] Of the two allegations involving Shelby County Government in the proposed Amended Complaint, one simply states—without alleging any constitutional violations or other misconduct—that Ayers was held in the Shelby County Jail. For purposes of this Report and Recommendation, the Court construes this statement as directed at Shelby County Government

Fourteenth Amendment's due process clause.[6]  As noted above, though Ayers alleges that he was confined in the Shelby County Jail, he has failed to allege any constitutional violations or other misconduct resulting from the confinement itself.  As a result, he has failed to adequately plead the first prong of a § 1983 claim against Shelby County.

As to the second prong, Shelby County, as a municipality, may only be liable to Ayers if his injuries were sustained pursuant to an unconstitutional custom or policy of the County itself. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691–92 (1978); *Troutman*, 979 F.3d at 489 ("A municipality 'cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents.'" (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 441 (6th Cir. 2000))).  "A plaintiff can establish such an unconstitutional custom or policy by producing evidence that shows (1) the existence of an illegal official policy, (2) that an official with final decision-making authority ratified illegal actions, (3) a policy of inadequate training or supervision, or (4) a custom of tolerance or acquiescence of federal rights violations." *Gomez v. City of Memphis*, Nos. 21-

---

because "the Shelby County Jail is not an entity subject to suit under § 1983." *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000).  "Instead, any such claims are construed as claims against Shelby County itself." *Taylor v. Shelby Cnty. Crim. Just. Ctr.*, No. 20-cv-2351-JDT-cgc, 2021 WL 951666, at *2 (W. D. Tenn. Mar. 12, 2021).

[6] Given that Ayers alleges he was housed at the Shelby County Jail, "the Court will presume for present purposes that he is a pretrial detainee," though the Record does not otherwise disclose his custodial status.  *See Thompson v. Cassidy*, No. 1:24-cv-185, 2024 WL 2886571, at *2 (E.D. Tenn. June 7, 2024).  His claims are therefore "analyzed under the Fourteenth, rather than the Eighth, Amendment." *Id*. (citing *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 596 (6th Cir. 2021)).  This result comports with the directive to construe the pleadings in Ayer's favor, as a pretrial detainee must demonstrate a reduced level of mental culpability on the part of a government official—"reckless disregard"—whereas a prisoner must demonstrate the official knowingly disregarded a risk.  *See Little v. City of Morristown, Tenn.*, Nos. 23-5302/5303, 2024 WL 1530468, at *2 (6th Cir. Apr. 9, 2024) (citing *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021)).

9

5473/5644, 2023 WL 7287100, at *6 (6th Cir. Aug. 4, 2023) (cleaned up) (quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

In this case, Ayers has not identified any municipal policy or custom that caused any of his alleged injuries, in either his original Complaint or proposed Amended Complaint.  Indeed, other than vaguely stating that his rights were violated as a result of the "policies and widespread practices of the . . . Shelby County Government" (ECF No. 43 ¶ 11), Ayers has failed to identify any specific County policy, custom, or policy-maker relevant to this case at all.  His failure to do so warrants dismissal of his claims against Shelby County.  *See, e.g.*, *Cousino v. Twp. of Marshall*, No. 17-1922, 2018 WL 3854027, at *2 (6th Cir. Mar. 6, 2018) (affirming dismissal of the *pro se* plaintiff's § 1983 claims under the PLRA and denial of leave to amend where the plaintiff failed to allege "an official policy or custom of the Township that resulted in a violation of his constitutional rights"); *Lovelace v. City of Memphis Police Dep't*, No. 2:08-cv-2776-SHM, 2010 WL 711190, at *3 (W.D. Tenn. Feb. 24, 2010) (dismissing § 1983 claims where the plaintiff "fail[ed] to allege that any specific policy or custom was the moving force directly causing the alleged constitutional violations"); *Roberts v. Wayne Cnty., Ky.*, No. 6: 22-63-HRW, 2022 WL 1085767, at *1 (E.D. Ky. Apr. 11, 2022) (dismissing § 1983 claims when the *pro se* plaintiff failed to "allege that the assertedly unconstitutional condition about which he complains is the product of a clearly-identified county policy or custom").

For these reasons, the County Defendants' Motion to Dismiss should be granted, and Ayers' Motion to Amend as to the County Defendants should be denied.

However, the County Defendants' Motion to Dismiss is not directed at Ayers's claims against the City of Memphis, the MPD, Mayor Strickland, Director Davis, Sergeant Byrd, and Sergeant Battle.  As to his claims against them, the Court recommends that Ayers' Motion to

Amend be granted and that his proposed Amended Complaint become the operative complaint as to his claims against those Defendants that are affiliated with the City of Memphis and/or MPD.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the County Defendants' Motion to Dismiss be granted and that they each be dismissed from this case. It is further recommended that Ayers's Motion to Amend be granted in part and denied in part. Specifically, the Motion to Amend should be denied as to all claims asserted against the County Defendants but granted as to the remaining Defendants. Thereafter, the remaining Defendants who have been served with adequate service of process in this case should be required to file a responsive pleading to the Amended Complaint as contemplated by the Federal Rules of Civil Procedure.

Respectfully submitted this 30th day of July, 2024.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.