IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

| | |
|---|---|
| **RAYMOND AYERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-2383-JTF-atc |
| | ) |
| **CITY OF MEMPHIS, TENNESSEE,** | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATIONS; GRANTING MOTION TO DISMISS; GRANTING MOTION TO AMEND IN PART**

Before the Court are two matters. First is Defendants Shelby County Mayor Lee Harris; Shelby County Sheriff's Department; John Doe I; Shelby County, Tennessee; Scott Wright; and Floyd Bonner, Jr.'s ("County Defendants") Motion to Dismiss, filed on September 13, 2023. (ECF No. 35.) Second is *pro se* Plaintiff Raymond Ayers' response to the Magistrate Judge's January 4, 2024 order to show cause and "Amended Complaint/With Supplemental Pleading," filed on January 25, 2024 and March 13, 2024, respectively. (ECF Nos. 41 & 43.) On July 30, 2024, Magistrate Judge Annie T. Christoff entered her Report and Recommendation on Defendants' Motion to Dismiss and Ayers' Motion to Amend ("R&R").[1] (ECF No. 52.) Ayers filed objections to the R&R on August 27, 2024. (ECF No. 55.) For the reasons set forth below, the R&R is **ADOPTED** in full. County Defendants' Motion to Dismiss is **GRANTED**. Ayers' Motion to Amend is **DENIED** as futile with respect to claims asserted against County Defendants, but

---

[1] For the purposes of this order, the Court adopts the Magistrate Judge's construal of Ayers' filings as a motion to amend and a proposed amended complaint. (ECF No. 42.)

**GRANTED** with respect to claims asserted against the defendants affiliated with the City of Memphis.

## I. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[t]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *See also*

28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674. The district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). An objection to a magistrate judge's report and recommendation that does nothing more than state a disagreement with the magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection, as required to preserve the right to appeal a subsequent order of the district court adopting the report. *J.A. v. Smith County School District*, 364 F. Supp. 3d 803, 811–12 (M.D. Tenn. 2019).

## II.    FINDINGS OF FACT

The Magistrate Judge set forth her proposed findings of fact in the R&R. (ECF No. 52, 3-5.) Because neither party has raised an objection to the proposed findings of fact, the Court adopts and incorporates them in full.

## III.    CONCLUSIONS OF LAW

The Magistrate Judge recommends that the County Defendants' Motion to Dismiss be granted and that they each be dismissed from this case. (*Id.* at 11.) She also recommends that Mayor Harris, the SCSD, John Doe 1 of the SCSD, SCSD Deputy Wright, and Sherriff Bonner be dismissed as Defendants. (*Id.* at 8.) The Magistrate Judge concluded that Ayers' Motion to Amend should be granted with respect to the City Defendants but denied with respect to the County Defendants. (*Id.*) After Ayers files his Amended Complaint, the Magistrate Judge recommends that the remaining

defendants who have been served with adequate service of process in this case be required to file a responsive pleading to the Amended Complaint as contemplated by the Federal Rules of Civil Procedure. (*Id.*) Because it appears that Ayers objects to all the adverse recommendations referenced above, the Court considers each below.

Governing Law

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (The court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true."). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, although the complaint need not contain detailed facts, its factual assertions must be substantial enough to raise a right to relief above a speculative level. *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). However, "'naked assertions devoid of further factual enhancement' contribute nothing to the sufficiency of the complaint." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Determining whether a complaint states a plausible claim is "context-specific," requiring the Court to draw upon its experience and common sense. *Iqbal*, 556 U.S. at 679. Defendants bear the burden of "proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008).

Ayers brings claims for violations of his constitutional rights under § 1983. To bring a § 1983 claim, Ayers must identify (1) "a right secured by the United States Constitution" and (2) "the deprivation of that right by a person acting under color of state law." *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 482 (6th Cir. 2020) (quoting *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001)). The Supreme Court has made clear that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). "[M]unicipal liability under section 1983 may only attach where the 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury' complained of." *Graham ex rel. Est. of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004) (quoting *Monell*, 436 U.S. at 694). The first step in assessing a municipal liability claim is the finding of a policy or custom. *See Doe v. Claiborne Cnty., Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 509 (6th Cir. 1996).

Objections

Construing Ayers' Amended Complaint liberally, as is required when handling *pro se* pleadings, the Magistrate Judge presumed that Ayers was alleging violations of his rights under the Fourteenth Amendment's due process clause based on his confinement in the Shelby County Jail. (ECF No. 52, 9.) Even so, the Magistrate Judge concluded that Ayers failed to allege any constitutional violations or other misconduct resulting from the confinement itself, meaning that he failed to plead the first prong of a § 1983 claim against the County Defendants. (*Id.*) Turning to the second element, she noted that Ayers failed to identify any specific County policy, custom, or policy-maker relevant to his claim, and did little more than vaguely state that his rights were violated because of the "policies and widespread practices of the Shelby County Government."

5

(*Id.* at 10 (quoting ECF No. 43, 3.) The Magistrate Judge concluded that Ayer satisfied neither element of a § 1983 claim and therefore recommends that the claims asserted against County Defendants be dismissed. (*Id.*) She also recommends that Mayor Harris, the SCSD, John Doe 1 of the SCSD, SCSD Deputy Wright, and Sherriff Bonner be dismissed as defendants because Ayers (1) failed to name them as defendants in his Amended Complaint, and (2) did not allege any specific wrongdoing, involvement, or actions by any of these defendants in either his initial or Amended Complaint. (*Id.* at 8.)

Ayers raises several objections to the R&R, but few of them address the issues that the Magistrate Judge identified. The Court first addresses Ayers' broadest remarks before turning to his specific objections.

In his first section titled "Questions Presented," Ayers presents two questions pertaining to the Fourth Amendment that do not appear to have anything to do with this case. (ECF No. 55, 1-2.) To the extent that either question was offered as an objection, they are **OVERRULED**. Turning next to the first numbered paragraph, Ayers contends that the County Defendants should not be dismissed "'in the interest of justice.'" (*Id.* at 2 (citing unknown material).) This "objection" is similarly **OVERRULED** because it does not identify an error with the Magistrate Judge's recommendation and appears to do little more than voice Ayers' disagreement with the Magistrate Judge's recommendation. Ayers appears to acknowledge that his Amended Complaint still fails to state a claim, but requests that the case proceed to discovery because "[during] the discovery aspect of litigation Plaintiff shall reveal the unlawful and unconstitutional policies, practice and custom municipality government." (*Id.* at 7.) Ayers is mistaken as to the purpose of discovery. Discovery in a civil case is a means of gathering information and evidence to support a parties' factual and legal claims or defenses; it is not a means of discovering the claims or defenses themselves. For

6

the claims against County Defendants to move forward, Ayers must allege the existence of some specific County policy or practice that is responsible for the injury he complains of.

Ayers objects to the recommended dismissal of the defendants that he named in his initial Complaint but failed to name in his Amended Complaint. (*Id.* at 5.) In support, he alleges that he served the Amended Complaint on those defendants, despite not naming them. (*Id.*) He insists that the Court must forgive this error because the Magistrate Judge previously made an error. (*Id.*) Even so, the Magistrate Judge recommended that the Court dismiss the claims against those defendants because Ayers failed to name them as defendants in his Amended Complaint, *and* because he did not allege any specific wrongdoing, involvement, or actions by any of these defendants. (*Id.* at 8.) It remains the case that Ayers has failed to plead any facts that would support keeping those defendants in this case, so the claims against Mayor Harris, the SCSD, John Doe 1 of the SCSD, SCSD Deputy Wright, and Sherriff Bonner must be dismissed.

Ayers next objects to the recommended dismissal of claims against County Defendants on the ground that *Thompson v. Clark*, 596 U.S. 36 (2022) establishes a new standard of review for § 1983 claims. (ECF No. 55, 8.) That case clarified the favorable termination standard in § 1983 cases involving claims of malicious prosecution where the plaintiff was not convicted. *Clark*, 596 U.S. at 39. This objection—along with the remainder of his remarks in this filing—pertain to substantive § 1983 issues. (ECF No. 55, 9-14.) However, none of these issues are before the Court. Instead, the issue is that Ayers has failed to plead sufficient factual matter that, when taken as true, would entitle him to relief. Specifically, the Magistrate Judge pointed out that although Ayers alleged that the Shelby County Jail violated his rights somehow, he "failed to allege any constitutional violations or other misconduct resulting from the confinement itself." (ECF No. 52, 9.) Similarly, with respect to defendant Shelby County as a municipality, Ayers failed to allege

7

that his injuries were sustained pursuant to some unconstitutional custom or policy of the County. (*Id.* at 9.) The issues identified are fatal deficiencies arising from Ayers' *pleadings* in both his initial and Amended Complaint, not with the application of the law to the underlying facts. For this reason, the Court **STRIKES** Ayers' remaining objections as irrelevant.

The Court adopts the Magistrate Judge's conclusions of law with respect to the Motion to Dismiss. Because Ayers' proposed Amended Complaint does not fix the issues with his claims against the County Defendants identified in the Motion to Dismiss, the Court **ADOPTS** the Magistrate Judge's recommendation that the Motion to Amend be **DENIED IN PART** as futile with respect to claims asserted against the County Defendants.[2]

## IV.    CONCLUSION

Consistent with the foregoing, the R&R is **ADOPTED** in full. County Defendants' Motion to Dismiss is **GRANTED**. Ayers' Motion to Amend is **DENIED** as futile with respect to claims asserted against County Defendants, but **GRANTED** with respect to claims asserted against the defendants affiliated with the City of Memphis.

**IT IS SO ORDERED,** this 19th day of September, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[2] A proposed amendment is futile if it would not withstand a motion to dismiss. *Gooding v. EquityExperts.org, LLC*, No. 17-12489, 2020 WL 13441663, at *1 (E.D. Mich. Jan. 9, 2020) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich. Revenue Division*, 987 F.2d 376 (6th Cir. 1993)).