# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## AT MEMPHIS

| | | |
|---|---|---|
| **RAYMOND AYERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:21-cv-2383-JTF-atc** |
| | ) | |
| **CITY OF MEMPHIS, TENNESSEE et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER GRANTING MOTIONS FOR JUDGMENT ON THE PLEADINGS

Before the Court are two motions for judgment on the pleadings. The City filed its motion on March 25, 2025 and Sergeant J. Battle filed his motion on March 28, 2025. (ECF Nos. 78-79 & 83-1.) Ayers filed his consolidated response on April 30. (ECF No. 88.) The City filed its reply on the same day.[1] (ECF No. 89.) Sergeant Battle did not file a reply, and the time to do so has passed. *See* LR 12.1.

*Pro se* plaintiff Raymond Ayers commenced this § 1983 suit against the City of Memphis (the "City'), the Memphis Police Department, certain unnamed officers, and several other municipal entities on June 8, 2021. (ECF No. 2.) The gravamen of Ayers' complaint is a *Monell* claim against every defendant arising out of his allegation that he was wrongfully arrested and incarcerated for three years. However, this case rises and falls on the Court's consideration of two questions: (1) whether Ayers' amended pleadings identify and allege a City policy, practice, or

---

[1] The Order does not make use of the response and reply because, as the City points out in its reply, Ayers' response does not address either party's arguments, but instead discusses *Marbury v. Madison*. (ECF No. 89.) This seminal case established the principle of judicial review in the United States. It is not relevant to the Court's resolution of either motion.

custom that is the cause of his alleged injuries;[2] and (2) whether Ayers' claims against Sergeant
Battle are timely. Because the answer to both questions is "no," the motions for judgment on the
pleadings are **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

Per the Amended Complaint, this § 1983 case arises out of an arrest. (ECF No. 43, 2.)
Specifically, Ayers contends that he "endured [an] over three-year nightmare when he was
wrongfully arrested for the purported murder of a Shelby County resident, that continued through
trials for crimes that he did not commit, and that ended with [Ayers'] charges being dismissed by
two different Judges." (*Id.*) In his original complaint, Ayers indicated that this exoneration
occurred on June 8, 2020. (ECF No. 2, 3.) However, he did not provide this information in his
Amended Complaint. He alleges that "[d]uring this saga, [he] was held in the Shelby County Jail,
unable to make a living and essentially helpless to care for his family's emotional and financial
needs." (ECF No. 43, 2.) Ayers also contends that the investigation and prosecution of his alleged
wrongful arrest "were all undertaken pursuant to the policies and widespread practices of the
Memphis Police Department and Shelby County Government." (*Id.* at 3.)

Ayers filed his original complaint against the County Defendants and multiple other
defendants affiliated with the City of Memphis on June 8, 2021, alleging claims under 42 U.S.C.
§ 1983. (ECF No. 2, 3.) The case was beset with numerous difficulties from 2021 to mid-2023.
Specifically, it was unclear if Ayers was a prisoner at the time, and it was hard to determine who
he was suing. (ECF No. 52, 3.) Ayers had also failed to effectuate service on any defendant. (*Id.*)
Thereafter, the Court adopted the Magistrate Judge's recommendation that Ayers be given one last
opportunity to effectuate service. (ECF Nos. 26 & 37.) Ayers finally served Shelby County Mayor

---

[2] Ayers' pleadings have consistently failed to identify a municipal policy, custom, or practice that caused
his alleged injury.

2

Lee Harris; the Shelby County Sheriff's Department; John Doe I; Shelby County, Tennessee; Scott Wright; and Floyd Bonner, Jr. (the "County Defendants"). (ECF Nos. 29-33.) The County Defendants then filed a Motion to Dismiss, and Ayers responded by filing a document that the Magistrate Judge construed as a Motion to Amend. (ECF Nos. 41 & 43.)

On July 30, 2024, the Magistrate Judge entered her Report and Recommendation on the County Defendants' Motion to Dismiss and Ayers' Motion to Amend ("R&R"). (ECF No. 52.) The Magistrate Judge recommended that the County Defendants' Motion to Dismiss be granted and that they each be dismissed from the case. (*Id.* at 11.) She also recommended that Mayor Harris, the SCSD, John Doe 1 of the SCSD, SCSD Deputy Wright, and Sherriff Bonner be dismissed as Defendants. (*Id.* at 8.) The Magistrate Judge concluded that Ayers' Motion to Amend should be granted with respect to the City Defendants—the City of Memphis, the MPD, Mayor Strickland, Director Davis, Sergeant Byrd, and new defendant Sergeant Battle—but denied with respect to the County Defendants. (*Id.* at 10-11) Upon the filing of the Amended Complaint, the Magistrate Judge recommended that the remaining defendants "who [had] been served with adequate service of process" be required to file a responsive pleading to the Amended Complaint. (*Id.* at 11) The Court adopted these recommendations in full in its September 19, 2024 Order. (ECF No. 58.)

Sergeant Battle and the City filed motions to dismiss Ayers' Amended Complaint on October 17, 2024 and November 13, 2024, respectively.[3] (ECF Nos. 60 & 67 & 68.) The Court found that the motions were untimely since they were filed long after the deadline to file answers or amended answers. (ECF No. 75, 4.) The Court could not construe the Rule 12(b)(6) motions as Rule 12(c) motions for judgment on the pleadings because Sergeant Battle had not yet filed an

---

[3] Each party sought dismissal on the same grounds raised in the pending motions for judgment on the pleadings.

answer. (*Id.* at 5.) The Court directed both defendants to file their answers within 14 days. (*Id.* at 6.) The City and Sergeant Battle filed their answers to the Amended Complaint on March 18 and 19, respectively. (ECF Nos. 76 & 77.) The City then filed its motion for judgment on the pleadings on March 25, and Sergeant Battle filed his on March 28. (ECF Nos. 78 & 83.)

## II.    LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions are reviewed under "the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6)." *Barber v. Charter Twp. of Springfield, Michigan*, 31 F.4th 382, 386 (6th Cir. 2022) (quoting *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021)). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "When ruling on a defendant's motion to dismiss on the pleadings, a district court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 574-75 (quoting *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006)) (internal quotation marks omitted).

## III.    ANALYSIS

### A.  The City's Motion for Judgment on the Pleadings

The City seeks judgment on the pleadings on the ground that Ayers has not identified a City policy or custom that was the moving force behind his alleged injury. (ECF No. 79, 5.) The City also moves for judgment on the pleadings with respect to Ayers' punitive damages claim, arguing that he cannot recover punitive damages from a municipality. (*Id.* at 6.) Because the Court finds

that Ayers' § 1983 claim against the City and its officials must be dismissed, it need not address whether punitive damages are available.

### i.    42 U.S.C. § 1983 & Municipal Liability

To bring a § 1983 claim, Ayers must identify (1) "a right secured by the United States Constitution" and (2) "the deprivation of that right by a person acting under color of state law." *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 482 (6th Cir. 2020) (quoting *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001)).

A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Instead, a municipality may be liable under § 1983 "only where its policies are the moving force [behind] the constitutional violation." *Troutman*, 979 F.3d at 489 (quotation marks and internal citations omitted). Thus, to proceed on a municipal liability claim under § 1983, a plaintiff must allege the existence of an official policy or custom that triggered the violation of his rights. *Gomez v. City of Memphis, TN*, No. 21-5473, 2023 WL 7287100, at *6 (6th Cir. Aug. 4, 2023). "A plaintiff can establish such an unconstitutional custom or policy by producing evidence that shows (1) the existence of an illegal official policy, (2) that an official with final decision-making authority ratified illegal actions, (3) a policy of inadequate training or supervision, or (4) a custom of tolerance or acquiescence of federal rights violations." *Id.* (cleaned up).

### ii.    Discussion

It is not entirely clear what claims Ayers is still pursuing against the City. In his original complaint, Ayers alleged that Defendants, including the City, violated his rights under the "Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution" by "[using] [] excessive force, [and subjecting him to conditions that amount to] cruel and unusual punishment." (ECF No. 2, 2.) He also alleged that the then-named defendants violated some unidentified right

guaranteed by the Tennessee Constitution, common law, and statutory law. (*Id.*) In his Amended Complaint, Ayers alleges that the Memphis Police Department, two named Memphis police officers, and the Shelby County Government violated his rights. (ECF No. 43, 4.) He also seeks punitive damages. (ECF No. 43, 5.) The City is not named in the section titled "The Parties." (*Id.*) The City proceeds on the assumption that Ayers intends to hold them liable for the Mayor's, Cerelyn "C.J" Davis's, and Tiffany Collins' alleged conduct. (ECF No. 79, 5.) The Court also operates under this assumption, because there appears to be no other basis for the City's continued involvement in this lawsuit.

At the outset, the City is correct that a suit against a government official in his official capacity is treated the same as a suit against the official's governmental entity, provided that the governmental entity receives notice and an opportunity to respond. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted). This means that the claims here are essentially *Monell* claims, so the Court must first assess whether Ayers has identified a specific City policy or custom that is the source of the injuries he allegedly incurred. *See* 103 F.3d at 509.

Ayers stumbles at this first step. He only alleges that the injuries he sustained occurred pursuant to "the policies and widespread practices of the Memphis Police Department and Shelby County Government." (ECF No. 43, 3.) To reiterate, the entire § 1983 municipal liability analysis proceeds from a plaintiff's identification of some *specific* policy or custom that he alleges to be unconstitutional. *See Gomez*, No. 21-5473, 2023 WL 7287100, at *6. Without identifying any such policy or custom, it is impossible to assess whether a particular policy was the driving force behind

an alleged injury. Thus, the bare allegation that "the widespread policies and customs" caused Ayers' injuries will not suffice.[4] (ECF No. 43, 3.)

Because Ayers has failed to plead the existence of a specific City policy or custom that is the driving force behind his injuries, this § 1983 municipal liability claim can go no further. The City's Motion for Judgment on the Pleadings is **GRANTED**.

### B.  Sergeant Battle's Motion for Judgment on the Pleadings

Sergeant Battle argues that he is entitled to judgment on the pleadings because (1) Ayers fails to state a claim; (2) his claims are time-barred; (3) he failed to properly serve him; (4) Sergeant Battle is entitled to qualified immunity; and (5) the defenses the City asserts also bar Ayers' claims against him. (ECF No. 83, 1-2.) The Court only addresses (2) because the claims against Sergeant Battle were filed well after the applicable limitations period and fail to relate back to the initial complaint, so they must be dismissed with prejudice.

Sergeant Battle argues that the one-year statute of limitations on Ayers' § 1983 claim had already expired by the time he had amended his complaint. (ECF No. 83-1, 2-3.) He points out that the events giving rise to this suit allegedly occurred during a June 8, 2020 court appearance concerning an arrest affidavit, and that Ayers did not seek leave to amend his complaint to add him until March 13, 2024. (*Id.*) Because it took Ayers almost four years to bring his claims, Sergeant Battle contends that the limitations period has expired. (*Id.*) Sergeant Battle notes that in light of this, Ayers' claims against him must relate back to the lawsuit's original filing date. (ECF No. 83-1, 2-6.)

---

[4] Ayers does not allege that an unconstitutional City policy or custom was responsible for his injuries. Construing Ayer's *pro se* pleadings liberally, the Court takes it that he believes the Memphis Police Department's policies or customs may be traced back to the City. Even still, the pleadings are insufficient.

Sergeant Battle is correct. Ayers can only proceed against Sergeant Battle if his claims "relates back" under Fed. R. Civ. P. 15 because the applicable statute of limitations has long since expired. *See Buck v. City of Highland Park, Michigan*, 733 F. App'x 248, 252 (6th Cir. 2018) (quoting *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)) (explaining that for § 1983 claims, federal courts borrow the statute of limitations governing personal injury actions in the state in which the claim was brought); *see also Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997) (citing Tenn. Code Ann. § 28-3-104(a)) (holding that the statute of limitations applicable to § 1983 claims brought in Tennessee is one year). Rule 15(c)(1)(C) provides that an amendment that changes a defendant but arises out of the same conduct as the original complaint "relates back" if the new defendant "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Despite naming the Memphis Police Department—Sergeant Battle's employer—in the original complaint, Ayers' failure to provide any specificity as to what his claims against the Memphis Police Department or its employees were makes it is improbable that his claims against Sergeant Battle satisfy Rule 15's notice prong. *See Zakora v. Chrisman*, 44 F.4th 452, 481 (6th Cir. 2022) (explaining that constructive notice based on a new defendant's status as an official of the original defendants could satisfy the notice prong) (citation omitted).

Even if Ayers could show that Sergeant Battle had notice of this action, he cannot satisfy the mistaken-identity prong—Rule 15(c)(1)(C)(ii). *Zakora* addresses a similar scenario. There, the Sixth Circuit reaffirmed its previous ruling that replacing "John Does" named in a complaint with named parties did not satisfy Rule 15's "mistaken identity" prong. *See id.* at 481 (citing *Cox v. Treadway*, 75 F.3d 230, 239-240 (6th Cir. 1996)). That is because named parties in this instance

are new parties, as opposed to substituted parties. *Id.* Consistent with *Zakora*, Ayers' attempt to add Sergeant Battle as a new defendant in place of one of the "John Does" named in his original complaint does not relate back to the original complaint.

Because Ayers brought his claims against Sergeant Battle long after the limitations period passed, and his claims do not relate back to the date of the original pleading, they are time-barred and must be **DISMISSED WITH PREJUDICE**.

## IV.    CONCLUSION

Consistent with the foregoing, the Court **GRANTS** Sergeant Battle and the City's motions for judgment on the pleadings. This case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED,** this 21st day of May 2025.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE